**DEL VALLE INDEPENDENT SCHOOL DISTRICT et al., Relators,**

v.

**The Honorable Joe B. DIBRELL, Jr., Judge, Respondent.**

**No. D–2331.**

Supreme Court of Texas.

April 29, 1992.

John T. Fleming, Austin, for relators.

Judith Bagley, Judith Sanders–Castro, James C. Harrington, Austin, for respondent.

CORNYN, Justice, dissenting from denial of request for temporary relief to stay or suspend court-ordered election.

I respectfully dissent from the court's denial of the request of relator, Del Valle Independent School District, for a temporary stay of the court-ordered election of its board of trustees scheduled for May 2, 1992. The court's failure to grant at least a temporary stay denies us a meaningful opportunity to consider at least two issues.

First, I cannot tell from the record filed in this court whether the trial court gave the board of trustees a reasonable opportunity to adopt a remedial reapportionment plan following the rendition of the trial court's judgment holding the at-large plan violative of the Texas Constitution. *See Terrazas v. Ramirez*, 829 S.W.2d 712 (1991). The requirement that the district court do so means that it must conduct a hearing at which sufficient evidence is produced "to permit the district court to make an informed ruling that can be reviewed on appeal." *Id.* at 720. The record does not reflect that such a hearing was held nor, if it was, what evidence was adduced. The meager record on file in this court does reveal, however, that neither the relators nor the minority plaintiffs who brought this suit agreed with the trial court's 6–1 reapportionment plan, which orders that six trustees be elected from single member districts and one at-large; in fact both sides appealed to the court of appeals.[1] In the trial court and in the court of appeals the minority plaintiffs sought a 7–0 plan, with no trustees elected at-large, and the relators sought a 5–2 plan, with two trustees elected at large and five elected from single member districts. While the duty of presenting a record on application for mandamus falls on relators, I cannot conclude at this juncture whether the record is merely inadequate or demonstrates a failure to follow mandatory procedures.

In *Terrazas*, we wrote that "[a]lthough Texas courts may order apportionment,

---

1. That appeal was dismissed for want of jurisdiction based on the court's holding that the order imposing the 6–1 plan was interlocutory.

that power ought to be used only after investigation and careful consideration of the many, diverse interests affected, after due deference to the Legislature to rectify its own statutes, and after due regard for the effect of the court's order on the election process." 829 S.W.2d at 718. In the current context, this would mean that the trial court was first required to defer to the school district's board of trustees, which has been granted the reapportionment power by the legislature, TEX.EDUC.CODE § 23.024, to allow them an opportunity to reapportion themselves before the court ordered new districts implemented. Reapportionment involves uniquely political judgments "and for sound practical as well as theoretical reasons is constitutionally committed to the legislative branch." *Terrazas*, at 720. "Thus, 'judicial relief becomes appropriate only when a legislature fails to reapportion according to ... constitutional requisites in a timely fashion after having had an adequate opportunity to do so.'" *Id.* (quoting *Reynolds v. Sims*, 377 U.S. 533, 586, 84 S.Ct. 1362, 1394, 12 L.Ed.2d 506 (1964)).

Second, it appears that the court ordered election plan has not been pre-cleared by the United States Department of Justice as required by section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. If the plan has not been pre-cleared, the election scheduled for May 2, 1992, will likely be void and the election deemed unlawful. *See United States v. County Comm'n*, 425 F.Supp. 433, 436 (S.D.Ala.1976), *aff'd*, 430 U.S. 924, 97 S.Ct. 1540, 51 L.Ed.2d 768 (1977).

To consider these and other issues that might become apparent upon less hurried deliberation, I would grant a temporary stay of the court-ordered election of relator's board of trustees scheduled for May 2, 1992. Accordingly, I dissent.

HECHT, J., joins in this dissent.

