The REPUBLICAN PARTY OF TEXAS and Thomas W. Pauken, State Chairman, and Barbara Jackson, Executive Director, Relators,

v.

The Honorable John K. DIETZ, Judge, Respondent.

No. 96–0555.

Supreme Court of Texas.

June 19, 1996.

Lalon C. Peale, Wm. Charles Bundren, Dallas, for Relator.

J. Patrick Wiseman, Austin, for Respondent.

PER CURIAM.

Two days ago, on Monday, June 17, 1996, the Republican Party of Texas filed a motion for leave to file a petition for writ of mandamus and an emergency motion to stay a district court's temporary injunction order. The order, issued on Friday, June 14, prohibited the Republican Party from refusing to provide a booth at the 1996 Republican Party of Texas Convention to the Log Cabin Republicans, a group that supports equal civil rights for gay and lesbian individuals. The order also prohibited the Republican Party from refusing to print and insert in every convention program an advertisement prepared by the Log Cabin Republicans. The district court found that the constitutional and contractual rights of the Log Cabin Republicans were violated by the Republican Party's decision to deny them a booth and a printed advertisement at the Convention.

Because of the statewide importance of the constitutional issues this case raises and because the Convention begins tomorrow, June 20, we expedited consideration of the case. We received a response yesterday from the Log Cabin Republicans, and heard oral argument today. We cannot, in this limited time, prepare a full opinion addressing all of the issues presented. However, under Rule 121 of the Texas Rules of Appellate Procedure, we can grant the motion for leave if we are of "the tentative opinion that relator is entitled to the relief sought," and we can grant temporary relief if the facts show that relator will be prejudiced in the absence of such relief. TEX.R.APP. P. 121. These standards have been met. We are tentatively of the opinion that state action is required for there

to have been a violation of the constitutional rights asserted by the Log Cabin Republicans and that such action was not present under the facts of this case; that the contract claims of the Log Cabin Republicans do not warrant the relief granted by the district court; and that mandamus relief may be appropriate under the unique and compelling circumstances of this case. *See generally O'Brien v. Brown,* 409 U.S. 1, 5, 92 S.Ct. 2718, 2720–21, 34 L.Ed.2d 1 (1972) (per curiam).

Accordingly, the Court grants the Republican Party's emergency motion to stay the temporary injunction issued by the district court. The Court also grants the Party's motion for leave to file a petition for writ of mandamus. TEX.R.APP. P. 121. We retain jurisdiction over this original proceeding for purposes of rendering a judgment and issuing an opinion on the merits of the petition for writ of mandamus.