# NO. 14-1080

IN THE
SUPREME COURT OF TEXAS

IN RE JOURDANTON HOSPITAL CORPORATION D/B/A SOUTH
TEXAS REGIONAL MEDICAL CENTER,

## RELATOR

Original Proceeding from the
Fourth Court of Appeals at San Antonio, Texas
Cause No. 04-14-00817-CV

## RELATOR'S OPPOSED EMERGENCY MOTION
## TO STAY UNDERLYING PROCEEDINGS

Monte F. James
State Bar No. 10547520
mjames@jw.com
Joshua A. Romero
State Bar No. 24046754
jromero@jw.com
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 – facsimile

COUNSEL FOR RELATOR

EMERGENCY RELIEF REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Defendant/Relator**:

Jourdanton Hospital Corporation d/b/a South Texas Regional Medical Center

*Appellate Counsel and Trial Counsel:*

Monte F. James
State Bar No. 10547520
Mjames@jw.com
Joshua A. Romero
State Bar No. 224046754
Jromero@jw.com
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: (512) 236-2000
Facsimile: (512) 236-2002

**Co-Defendant**:

Edward Blackmon, Jr., M.D.

*Trial Counsel:*

John S. Serpe
State Bar No. 18037400
Jserpe@serpejones.com
Chad J. Castille
State Bar No. 24031920
Ccastille@serpejones.com
Ryan Clement
State Bar No. 24036371
Rclement@serpejones.com
SERPE, JONES, ANDREWS, CALLENDER & BELL, PLLC
American Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499

## Plaintiff/Real Party in Interest:

Stacy Smith, individually and as next friend of Charles Lewis Smith

*Trial and Appellate Counsel:*

Marynell Maloney
State Bar No. 12883200
Marynell@marynellmaloneylawfirm.com
Michelle Maloney
State Bar No. 24069099
Michelle@marynellmaloneylawfirm.com
MARYNELL MALONEY LAW FIRM, PLLC
115 E. Travis, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 212-8000
Facsimile: (210) 212-8385

*and*

Ryan Krebs
State Bar No. 00792088
Ryan@ryankrebsmdjd.com
LAW OFFICES OF RYAN KREBS
805 West 10th Street, Suite 300
Austin, Texas 78701
Telephone: (512) 478-2072
Facsimile: (512) 494-0420

## Respondent in the Court of Appeals:

Hon. Donna S. Rayes
81st District Court at Atascosa County, Texas
#1 Courthouse Circle Dr., Suite 206
Jourdanton, Texas 78026
Telephone: (830) 769-3750
Facsimile: (830) 769-2841
Dcourts81_218@yahoo.com

## Respondent in the Supreme Court:

Fourth Court of Appeals at San Antonio
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037
Keith H. Hottle, Clerk of Court
Telephone: (210) 335-2635
Facsimile: (210) 335-2762
COA4noticingservice@txcourts.gov

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .......................................................................... ii

TABLE OF CONTENTS ......................................................................................................... v

TABLE OF AUTHORITIES ................................................................................................... vi

EXECUTIVE SUMMARY ....................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT .............................................................................................................................. 4

    A.    Temporary Relief Is Permitted Under Texas Rule of Appellate Procedure 52.10. ................................................................................................. 4

    B.    Temporary Relief Is Necessary To Prevent Prejudice To STRMC Pending Mandamus Review, Preserve This Court's Ability to Fashion Effective Relief, and Avoid Waste of Resources. .......................... 5

PRAYER .................................................................................................................................... 6

RULE 9.4 CERTIFICATE OF COMPLIANCE ..................................................................... 7

RULE 52.10(a) CERTIFICATE OF CONFERENCE AND COMPLIANCE .......... 8

CERTIFICATE OF SERVICE ................................................................................................ 9

APPENDICES

1.    A true and correct copy of the Docket Control Order.

2.    A true and correct copy of various correspondence between the parties' counsel.

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Bates,*
429 S.W.3d 47 (Tex. App.—Houston [1st Dist.] 2014, no pet.) .................................. 4

*In re Kelleher,*
999 S.W.2d 51 (Tex. App.—Amarillo 1999, no pet.) ...................................................... 4

*In re Reed,*
901 S.W.2d 604 (Tex. App.—San Antonio 1995, no writ) ............................................ 4

*Republican Party of Texas v. Dietz,*
924 S.W.2d 932 (Tex. 1996) ............................................................................................ 5

**OTHER AUTHORITIES**

TEX. R. APP. P. 10.3(a)(3) ................................................................................................ 1

TEX. R. APP. P. 52.10 ................................................................................................... 1, 4

TO THE HONORABLE SUPREME COURT OF TEXAS:

Pursuant to Texas Rules of Appellate Procedure 10.3(a)(3) and 52.10(a), Relator Jourdanton Hospital Corporation d/b/a South Texas Regional Medical Center ("STRMC") files this Opposed Emergency Motion to Stay the Underlying Proceedings, and requests the Court to temporarily stay all underlying proceedings in the trial court until this Court rules on STRMC's Petition for Writ of Mandamus ("Petition").[1]

## EXECUTIVE SUMMARY

In this medical malpractice case, the Court is currently considering whether Texas Rule of Civil Procedure 204 permits a defendant to conduct an independent medical examination of a plaintiff when (1) the plaintiff has designated numerous experts to testify about his medical condition, and (2) the plaintiff's own experts intend to conduct the same testing requested by the defendant.

In light of the Court's June 5, 2015 request for briefing on the merits and the trial court's scheduling order, STRMC seeks to stay the underlying proceedings pending the Court's mandamus review. The stay is requested in order to preserve judicial resources and the parties' resources. As set forth below, the plaintiff has continued to demand that STRMC promptly depose his experts even though this

---

[1] The case pending before the trial court is captioned as follows: *Stacy Smith, Individually and As Next Friend for Charles Lewis Smith, a Minor vs. Jourdanton Hospital Corporation d/b/a South Texas Regional Medical Center and Edward Barton Blackmon, Jr. M.D.*, Cause No. 12-12-1063-CVA, In the 81st Judicial District Court of Atascosa County, Texas.

1

Court has not issued a ruling, which means STRMC may need to depose those experts twice—once before the Court's ruling and once after the ruling (if mandamus relief is granted). And if STRMC refuses to undertake expert depositions immediately, and assuming the Court issues a ruling two months after the merits briefing deadline of August 11, 2015, the parties will be left to complete the requested examination, analyze the test results, and take *23 expert depositions* in the span of *two months* under the trial court's current scheduling order. Therefore, a stay is appropriate to maintain the status quo pending the Court's resolution of the Petition.

## FACTUAL BACKGROUND

The trial court denied STRMC's motion to examine the plaintiff on October 27, 2014, finding a "unique situation" because the plaintiff is a minor. MR Tab 2, p. 1; MR Tab 7, p. 17. On December 10, 2014, the Fourth Court of Appeals summarily denied STRMC's petition for writ of mandamus without opinion. MR Tab 8, p. 1. STRMC filed its Petition with this Court on January 14, 2015, and the Court requested a response from plaintiff on February 27, 2015. The mandamus briefing was completed on April 24, 2015. Recently, on June 5, 2015, the Court requested briefing on the merits, with final briefing due by August 11, 2015.

Plaintiff has continued to insist that STRMC promptly depose his eight experts (three of which are located outside Texas), despite the fact that the Petition remains

pending. *See* Appendix 2.[2] STRMC has resisted this demand because conducting the depositions before the Court's ruling may necessitate re-deposing those experts—undoubtedly an expensive and time-consuming endeavor.[3] If, on the other hand, STRMC postpones the expert depositions, and in light of this Court's recent request for merits briefing and deadline of August 11, 2015, the parties will be in the untenable position of conducting the requested examination (if permitted), analyzing the test results, and deposing the parties' *23 expert witnesses* in the span of *two months* under the current scheduling order.[4] This, of course, conservatively assumes that the Court will issue a ruling two months after merits briefing. If the ruling does not issue until four months after merits briefing, the current discovery deadline of December 16, 2015, will have expired. *See* Appendix 1.

---

[2]      Plaintiff's expert Geni Bennetts, M.D. is located in Napa, California; Harriet Cokely, M.D. is located in Los Angeles, California; and James Rice, M.D. is located in Renton, Washington. *See* MR Tab 3, pp. 11, 14, 17.

[3]      As one example, if STRMC deposes plaintiff's life-care planning expert (who attempts to forecast the plaintiff's damages into the future) before the examination, STRMC will certainly need to depose him again after the examination is complete to determine the examination's impact on his prior testimony, which plaintiff's own life-care planner readily admits is incomplete without the requested examination. *See* MR Tab 3, p. 45 ("It is my intention to have Dr. Frank McDonald (Pediatric Medicine and Rehabilitation physician) conduct an IME and consult with me on [plaintiff's] case as his schedule allows. At or around that time, I will also conduct a neuropsychological assessment."). Notably, while insisting on the immediate deposition of his experts, plaintiff has simultaneously rejected the idea that his experts may need to be deposed a second time if the requested examination is permitted. *See* Appendix 2.

[4]      Plaintiff has designated eight experts, and the two defendants have cumulatively designated 15 experts.

## ARGUMENT

To maintain the status quo pending this Court's mandamus review—thereby protecting STRMC from irreparable harm, preserving the Court's ability to fashion effective relief, and preventing the unnecessary waste of resources—the Court should stay the underlying proceedings until it rules on STRMC's Petition.

### A. Temporary Relief Is Permitted Under Texas Rule of Appellate Procedure 52.10.

As explained in STRMC's Petition, mandamus relief is not only available, but also necessary, to correct the Fourth Court of Appeals' abuse of discretion in this case. *See* Petition at pp. 5-17. Pursuant to Texas Rule of Appellate Procedure 52.10, an appellate court "may grant 'any just relief pending the court's action on' a mandamus petition, including a stay of all underlying proceedings in the trial court." *In re Bates*, 429 S.W.3d 47, 53 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also* TEX. R. APP. P. 52.10.

The purpose of Rule 52.10 is to maintain the status quo and preserve an appellate court's ability to fashion effective relief. *See In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, no pet.) ("That is, the power of the court to grant emergency measure is ancillary to its power to adjudicate a pending petition for extraordinary relief. Simply put, Rule 52.10 exists to afford the court opportunity to address the dispute encompassed within a petition for mandamus (for instance) by maintaining the status quo until it can address that dispute."); *In re Reed*, 901 S.W.2d

4

604, 609 (Tex. App.—San Antonio 1995, no writ) (involving predecessor to Rule 52.10). Temporary relief, moreover, should be granted in instances where a relator will suffer prejudice pending mandamus review, impairing an appellate court's ability to provide full and effective relief. *See Republican Party of Texas v. Dietz*, 924 S.W.2d 932, 933 (Tex. 1996). As set forth below, that standard is amply met here.

**B. Temporary Relief Is Necessary To Prevent Prejudice To STRMC Pending Mandamus Review, Preserve This Court's Ability to Fashion Effective Relief, and Avoid Waste of Resources.**

As a threshold matter, a stay is necessary to prevent the continued waste of judicial resources, as well as the resources of the parties. For example, plaintiff has continued to demand that STRMC promptly proceed with the depositions of plaintiff's testifying experts, even though the Court has not ruled on the Petition. *See* Appendix 2. This demand presents a situation in which STRMC may have to depose plaintiff's experts now, and then re-depose those same experts, three of which are located outside of Texas, if the Court permits the requested examination. This is undoubtedly a costly and time-consuming undertaking—and an unnecessary exercise if a stay is granted. On the other hand, if STRMC waits to conduct depositions until the Court issues a ruling (and assuming conservatively that a ruling issues two months after completion of merits briefing), the parties would have to conduct the requested examination, analyze the test results, and take *23 depositions* in the span of *two months* under the current scheduling order. And if the Court's ruling issues four months after

the completion of merits briefing, the current discovery deadline will have expired. *See* Appendix 1. Accordingly, a stay is warranted.

Furthermore, in the absence of a stay, the trial court will very likely have to address discovery disputes related to the experts and their depositions that will invariably arise again (in some form) in the second depositions.[5] This would cause an unnecessary waste of judicial resources. Indeed, it is indisputable that the Court's ruling on STRMC's Petition will significantly influence the course and substance of this entire case, including the expert depositions (regardless of how the Court rules). And most, if not all, experts deposed *during* the Court's mandamus review would have to be re-deposed *after* the Court's mandamus review if relief is granted. Aside from the extraordinarily prohibitive expense of such an endeavor, the futile exercise would almost assuredly result in the need for significant court time to resolve otherwise unnecessary discovery disputes.

## PRAYER

Relator South Texas Regional Medical Center respectfully requests the Court to stay all underlying proceedings in the trial court until the Court rules on STRMC's Petition for Writ of Mandamus, and for all such other and further relief to which it may be justly entitled.

---

[5] As one example, plaintiff has recently filed a Motion To Strike and Motion to Exclude Defendants' Expert Witnesses.

Respectfully submitted,

/s/ Monte F. James
Monte F. James
State Bar No. 10547520
mjames@jw.com
Joshua A. Romero
State Bar No. 24046754
jromero@jw.com
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: 512-236-2000
Facsimile: 512-236-2002

**ATTORNEYS FOR RELATOR
JOURDANTON HOSPITAL
CORPORATION D/B/A SOUTH
TEXAS REGIONAL MEDICAL
CENTER**

## RULE 9.4 CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface (Garamond) no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i), because it contains 1,272 words, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ Joshua A. Romero
Joshua A. Romero

## RULE 52.10(a) CERTIFICATE OF CONFERENCE AND COMPLIANCE

On June 10, 2015, I conferred with Michelle Maloney and Ryan Krebs, counsel for Real Parties in Interest, regarding the merits of this Motion via email. On June 11, 2015, Ms. Maloney stated on behalf of Real Parties in Interest that this Motion is opposed. I certify that I have notified counsel for Real Parties in Interest, Michelle Maloney and Ryan Krebs, by expedited means via email concerning the filing of the foregoing Emergency Motion to Stay Underlying Proceedings on this 10th day of June, 2015. This Motion is *not* opposed by Defendant Edward Blackmon, M.D.

/s/ Joshua A. Romero
Joshua A. Romero

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the following counsel for

Real Party in Interest via electronic service and on Respondents via certified mail,

return receipt requested, on this 11th day of June, 2015:

**Respondents:**

Keith H. Hottle, Clerk of Court
Fourth Court of Appeals at San Antonio
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

Hon. Donna S. Rayes
81st District Court at Atascosa County, Texas
#1 Courthouse Circle Dr., Suite 206
Jourdanton, Texas 78026
Telephone: (830) 769-3750
Facsimile: (830) 769-2841
Dcourts81_218@yahoo.com

**Counsel for Real Party in Interest Stacy Smith:**

Marynell Maloney
Michelle Maloney
MARYNELL MALONEY LAW FIRM, PLLC
115 E. Travis, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 212-8000
Facsimile: (210) 212-8385

Ryan Krebs
LAW OFFICES OF RYAN KREBS
805 West 10th Street, Suite 300
Austin, Texas 78701
Telephone: (512) 478-2072
Facsimile: (512) 494-0420

9

**Counsel for Defendant Edward Blackmon, Jr., M.D.:**

John S. Serpe
Chad J. Castille
Ryan Clement
SERPE, JONES, ANDREWS, CALLENDER & BELL, PLLC
American Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499

*/s/ Joshua A. Romero*
Joshua A. Romero

10

NO. 14-1080

IN THE
SUPREME COURT OF TEXAS

IN RE JOURDANTON HOSPITAL CORPORATION D/B/A SOUTH
TEXAS REGIONAL MEDICAL CENTER,

RELATOR

APPENDIX TO
RELATOR'S OPPOSED EMERGENCY MOTION TO STAY
UNDERLYING PROCEEDINGS

1.     A true and correct copy of the Docket Control Order.

2.     A true and correct copy of various correspondence between the parties' counsel.

11

13553687v.5

# APPENDIX 1

Cause NO. _____12-12-1063-CVA_____

| | | |
|---|---|---|
| Stacy Smith, Individually and as Next Friend for Charles Lewis Smith, a Minor | § | IN THE DISTRICT COURT OF |
| VS. | § | ___Atascosa___ COUNTY, TEXAS |
| Jourdanton Hospital Corporation d/b/a South Texas Regional Medical Center and Edward Barton Blackmon, Jr. M.D. | § | 81ST / 218TH JUDICIAL DISTRICTS |

### DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **Completed** — JOINDER. All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS SCHEDULING ORDER AT THE TIME OF SERVICE.

2. _____ — EXPERT WITNESS DESIGNATION. Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.

(a) **Completed** — Experts for parties seeking affirmative relief.
(b) **Completed** — All other experts.

3. _____ — DISCOVERY LIMITATIONS. The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:

(a) _____ — Total hours per side for oral depositions.
(b) _____ — Number of interrogatories that may be served by each party on any other party.

4. _____ — ALTERNATIVE DISPUTE RESOLUTION.

(a) _____ — By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.

(b) **11-16-15** — ADR conducted pursuant to the agreement of the parties must be completed by this date.

5. **12-16-15** — DISCOVERY PERIOD ENDS. All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

6. **1-29-16** — DISPOSITIVE MOTION AND PLEAS. Must be set for hearing or submission as follows:

(a) _____ — Dispositive motions or pleas subject to an interlocutory appeal must be set by this date.
(b) _____ — Summary Judgment motions not subject to an interlocutory appeal must be set by this date.
(c) _____ — Rule 166a(i) motions may not be set before this date.

7. **1-29-16** — CHALLENGES TO EXPERT TESTIMONY. All motions to exclude testimony and evidence challenges to expert testimony must be filed by this date, unless extended by leave of court.

8. **1-11-16** — PLEADINGS. All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

9. **02-03-16** — PRETRIAL CONFERENCE and/or (a) DOCKET CALL. Parties shall be prepared to discuss all aspects of trial with the court on this date. All hearings begin at 9:00 a.m., unless specified otherwise by the court. Failure to appear will be grounds for dismissal for want of prosecution.

(a) _____

10. **2-29-16** — TRIAL.

(a) _____ — Jury Trial Requested? Date Paid: _____
(b) **Medical malpractice** — Type of Case
(c) **2 weeks** — Estimated length of Trial

SIGNED ___March 4_____, 2015

_____Russell Wilson_____
PRESIDING DISTRICT JUDGE

_____Ryan Krebs_____
ATTORNEY FOR PLAINTIFF

Address:
805 W. 10th Street, Suite 300
Austin, TX 78701
Phone: (512) 478.2072
Fax: (512) 494-0420

ATTORNEY FOR RESPONDENT STRMC

Address:
Jackson Walker, LLP
100 Congress Ave., Ste 1100, Austin, TX. 78701
Phone: 512 236-2053
Fax: 512 391-2189

# APPENDIX 2

## Romero, Josh

| From: | Michelle Maloney <michelle@marynellmaloneylawfirm.com> |
|---|---|
| Sent: | Thursday, June 04, 2015 10:50 AM |
| To: | Romero, Josh; Ryan Krebs (ryan@ryankrebsmdjd.com) (ryan@ryankrebsmdjd.com) |
| Cc: | Allie Brown; Samantha Booker; Wyman, Michelle; Ryan Clement; Chad Castille; James, Monte; Celeste Malaise |
| Subject: | RE: Smith v. STRMC and Blackmon |

Hi Josh,

Please do get us dates to run by our experts. Our opinion is that you're discovering our experts – it has absolutely nothing to do with whether or not you get an exam.

Thanks,

Michelle

Michelle M. Maloney
Marynell Maloney Law Firm, PLLC
115 East Travis St., Ste. 1800
San Antonio, Texas 78205
T: 210.212.8000
F: 210.212.8385
michelle@marynellmaloneylawfirm.com

P Please consider the environment before printing this email. Think green...

This communication contains confidential information intended for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Any use, dissemination, forwarding, printing, or copying of this email without consent of the originator is strictly prohibited. If you have received this email in error, please immediately notify Marynell Maloney Law Firm, PLLC by telephone at 210-212-8000.

---

**From:** Romero, Josh [mailto:Jromero@jw.com]
**Sent:** Thursday, June 04, 2015 10:12 AM
**To:** Michelle Maloney; Ryan Krebs (ryan@ryankrebsmdjd.com) (ryan@ryankrebsmdjd.com)
**Cc:** Allie Brown; Samantha Booker; Wyman, Michelle; Ryan Clement; Chad Castille; James, Monte; Celeste Malaise
**Subject:** RE: Smith v. STRMC and Blackmon

Michelle—

We can provide you dates, but the problem is the pending Texas Supreme Court case. If we depose the experts before the decision (and the decision permits the requested examination), we would need to depose your experts again. We are trying to avoid deposing your experts twice. What are your thoughts on this?

Thanks,

Josh

---

**From:** Michelle Maloney [mailto:michelle@marynellmaloneylawfirm.com]
**Sent:** Thursday, June 04, 2015 10:09 AM

1

**To:** Romero, Josh; Ryan Krebs (ryan@ryankrebsmdjd.com) (ryan@ryankrebsmdjd.com)
**Cc:** Allie Brown; Samantha Booker; Wyman, Michelle; Ryan Clement; Chad Castille; James, Monte; Celeste Malaise
**Subject:** RE: Smith v. STRMC and Blackmon
**Importance:** High

Josh and Ryan – I already emailed on this April 23rd but I follow up again.

Please *immediately* let me know your dates of availability to complete the depositions of Plaintiff's experts as requested below. Rather than getting dates from my experts that prove unworkable for either one of you, and then having to go back to my experts with other dates, I would rather present them with dates that all counsel are already available. Since we'll have to travel out of Texas for Bennetts, Cokely, and Rice, I would prefer to schedule these depos first and then schedule Hunter (Houston) and Nelson (Austin), and then Trevino and Wegner to take place in San Antonio.

Thanks,

Michelle

Michelle M. Maloney
Marynell Maloney Law Firm, PLLC
115 East Travis St., Ste. 1800
San Antonio, Texas 78205
T: 210.212.8000
F: 210.212.8385
michelle@marynellmaloneylawfirm.com

P Please consider the environment before printing this email. Think green…

This communication contains confidential information intended for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Any use, dissemination, forwarding, printing, or copying of this email without consent of the originator is strictly prohibited, If you have received this email in error, please immediately notify Marynell Maloney Law Firm, PLLC by telephone at 210-212-8000.

115 East Travis St., Ste. 1800
San Antonio, Texas 78205
T: 210.212.8000
F: 210.212.8385
michelle@marynellmaloneylawfirm.com

P Please consider the environment before printing this email. Think green...

This communication contains confidential information intended for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Any use, dissemination, forwarding, printing, or copying of this email without consent of the originator is strictly prohibited, If you have received this email in error, please immediately notify Marynell Maloney Law Firm, PLLC by telephone at 210-212-8000.

**From:** Michelle Maloney
**Sent:** Thursday, April 23, 2015 3:56 PM
**To:** 'Romero, Josh'; Ryan Krebs (ryan@ryankrebsmdjd.com) (ryan@ryankrebsmdjd.com)
**Cc:** Allie Brown; Samantha Booker; Wyman, Michelle; Ryan Clement; Chad Castille; James, Monte; Celeste Malaise
**Subject:** RE: Smith v. STRMC and Blackmon
**Importance:** High

Josh and Ryan,

Please let me know your dates of availability to complete the depositions of Plaintiff's experts as requested below. Rather than getting dates from my experts that prove unworkable for either one of you, and then having to go back to my experts with other dates, I would rather present them with dates that all counsel are already available. Since we'll have to travel out of Texas for Bennetts, Cokely, and Rice, I would prefer to schedule these depos first and then schedule Hunter (Houston) and Nelson (Austin), and then Trevino and Wegner to take place in San Antonio.

Thanks,

Michelle

Michelle M. Maloney
Marynell Maloney Law Firm, PLLC
115 East Travis St., Ste. 1800
San Antonio, Texas 78205
T: 210.212.8000
F: 210.212.8385
michelle@marynellmaloneylawfirm.com

P Please consider the environment before printing this email. Think green...

This communication contains confidential information intended for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Any use, dissemination, forwarding, printing, or copying of this email without consent of the originator is strictly prohibited, If you have received this email in error, please immediately notify Marynell Maloney Law Firm, PLLC by telephone at 210-212-8000.

**From:** Romero, Josh [mailto:Jromero@jw.com]
**Sent:** Thursday, April 02, 2015 3:04 PM
**To:** Michelle Maloney; Ryan Krebs (ryan@ryankrebsmdjd.com) (ryan@ryankrebsmdjd.com)
**Cc:** Allie Brown; Samantha Booker; Wyman, Michelle; Ryan Clement; Chad Castille; James, Monte; Celeste Malaise
**Subject:** RE: Smith v. STRMC and Blackmon