ACCEPTED
15-25-00151-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/7/2025 9:42 AM
CHRISTOPHER A. PRINE
CLERK

Case No. **15-25-00151-CV**

---

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/7/2025 9:42:05 AM
CHRISTOPHER A. PRINE
Clerk

# IN THE FIFTEENTH COURT OF APPEALS

---

### In re TEXAS ALCOHOLIC BEVERAGE COMMISSION, *Relator.*

---

## RELATOR'S EMERGENCY MOTION FOR TEMPORARY RELIEF

---

To the Honorable Fifteenth Court of Appeals:

The Texas Alcoholic Beverage Commission ("TABC") files Relator's Emergency Motion for Temporary Relief to accompany its Petition for Writ of Mandamus. That petition seeks a writ of mandamus causing Respondent, 281st Civil District Court Judge Christine Weems, to vacate her July 30, 2025, order requiring TABC to produce statutorily privileged records to plaintiffs Ashlie Dominguez, Orlando Hayward, and Reyna Hayward, individually and as representatives of the estate of Niguel Hayward, deceased ("Plaintiffs").

The Texas Rules of Appellate Procedure allow this Court to grant temporary relief to preserve the Court's jurisdiction and preserve the rights of the parties during the appeal. *In re LCS SP, LLC*, 640 S.W.3d 848, 855 (Tex. 2022).

If TABC is required to grant Plaintiffs access to the statutorily privileged records before this Court rules, not only would the issue become moot, but statutorily privileged information—*i.e.*, the private records of a permittee, licensee, or other person that are

1

required or obtained by the commission or its agents, in connection with an investigation or otherwise—would be made accessible in violation of Texas Alcoholic Beverage Code section 5.48 and basic discovery principles outlined in this Court's precedent. TABC thus requests that the Court stay the district court's order **as soon as possible** pending its consideration of TABC's petition for writ of mandamus.

## BACKGROUND

### A. Underlying Case and TABC Investigation

This is a personal injury case arising from the death of Niguel Hayward on or about November 15, 2022, after Defendant Eduardo Moreno allegedly consumed alcoholic beverages at the establishments of Defendants Sandbaggers Pub NP, and Lifey Leasing, Inc. d/b/a Molly's Pub (Molly's Pub). TABC investigators went to both Sandbaggers Pub and Molly's Pub to conduct a TRACE investigation. In the course of their investigation, the TABC investigators obtained a number of records from these licensees.

### B. Procedural History

On May 15, 2024, Ashlie Dominquez, Orlando Hayward, and Reyna Hayward, individually and as representatives of the estate of Niguel Hayward, deceased ("Plaintiffs") served TABC with a subpoena duces tecum seeking production of documents regarding the Defendant establishments, as well as information regarding TABC's investigation and procedures. *See* Exhibit A to Plaintiffs' Motion to Compel

2

Third Party Compliance and Motion to Overrule Objections. On May 30, 2024, TABC responded to the subpoena with objections stating that the subpoena and all requests therein are barred by sovereign immunity, the subpoena seeks information that is confidential or protected by law under Section 5.48 of the Texas Alcoholic Beverage Code and section 30.006(c) of the Texas Civil Practice & Remedies Code, and the subpoena is overly broad and unduly burdensome to a non-party. *See* Exhibit B to Plaintiffs' Motion to Compel Third Party Compliance and Motion to Overrule Objections.

Plaintiffs then filed a Motion to Compel seeking an order compelling TABC's compliance with Plaintiffs' subpoena. *See* Plaintiffs' Motion to Compel Third Party Compliance and Motion to Overrule Objections at 1–5. TABC responded to Plaintiffs' Motion on October 30, 2024. *See* Non-Party Texas Alcoholic Beverage Commission's Response to Plaintiff's Motion to Compel at 1–20. Plaintiffs' replied on February 3, 2025. *See* Plaintiffs' Reply to Texas Alcoholic Beverage Commission's Response to Plaintiffs' Motion to Compel Third Party Compliance and Motion to Overrule Objections. Hearings were held in the district court on February 4, 2025, and May 16, 2025. On July 30, 2025, the court ordered TABC to produce the following documents:

1. All documents or correspondence regarding TRACE Investigation resulting from the car accident involving Eduardo Moreno and Orlando Hayward that

3

occurred on November 15, 2022, as long as their [sic] is not an open prosecution of Defendant Moreno.

2. All documents or correspondence relating to Sandbagger's Pub located at 13027 Highway 105 E, Conroe, TX 77306 for the years 2021 and 2022.

3. All documents of [sic] correspondence relating to Molly's Pub located at 901 N. Loop 336 W., Conroe, TX 77306 for the years 2021 and 2022.

*See* Order Granting in part and Denying in part Plaintiffs' Motion to Compel Responses from Third Party Texas Alcohol and Beverage Commission at 1. (typos in original).

TABC now seeks mandamus and emergency temporary relief from this Court.

**ARGUMENT**

**I. A Stay is Warranted Because TABC is Likely to Prevail in Its Request for Mandamus Relief.**

Alongside a petition for writ of mandamus, relators "may file a motion to stay any underlying proceedings or for any other temporary relief pending the court's action on the petition." Tex. R. App. P. 52.10; *see In re Alamo Defenders Descendants Ass'n*, 619 S.W.3d 363, 366–67 (Tex. App.—El Paso 2021, orig. proceeding). A stay is warranted when the Court reaches "the tentative opinion that relator is entitled to the relief sought," and "the facts show that relator will be prejudiced in the absence of such relief." *Republican Party of Tex. v. Dietz*, 924 S.W.2d 932, 932-33 (Tex. 1996) (per curiam). This Court routinely grants such stays to allow itself a "meaningful opportunity to

4

consider" relevant issues "upon less hurried deliberation." *Del Valle ISD v. Dibrell*, 830 S.W.2d 87, 87-88 (Tex. 1992) (Cornyn, J., joined by Hecht, J., dissenting). The United States Supreme Court has observed that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

A stay is warranted here because both *Dietz* elements are satisfied: (1) TABC is entitled to mandamus relief because the district court's order abuses its discretion in a way that cannot be remedied on appeal; and (2) there is no way to prevent Plaintiffs from obtaining statutorily privileged information pending the Court's consideration of the petition absent a stay.

Mandamus relief is available where the trial court's error "constitute[s] a clear abuse of discretion" and the relator lacks "an adequate remedy by appeal." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when it "acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner." *In re Kay*, No. 24-0149, 2025 WL 1668350, at *2 (Tex. June 13, 2025); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018).

The district court abused its discretion when it ordered the production of privileged private records from the TRACE investigations as well as all documents

related to licensees Sandbaggers Pub and Molly's Pub in direct contravention of the plain language of section 5.48(b) of the Texas Alcoholic Beverage Code.

**A. The district court clearly abused its discretion by signing an order requiring TABC to produce privileged records.**

A court abuses its discretion when it orders privileged documents disclosed without a waiver of privilege. *In re Office of the AG of Tex.*, No. 02-13-00455-CV, 2014 WL 491684, at *2 (Tex. App.—Fort Worth Feb. 6, 2014, no pet.) (mem. op.) ("[T]his broad grant [regarding discovery] is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information."). *See also In re ExxonMobil Corp.*, 97 S.W.3d 353, 365 (Tex. App.—Houston [14th Dist.] 2003, no pet.)

TABC, as a non-party, has no interest in the underlying litigation. Plaintiffs' subpoena requests disclosure of privileged, private records under section 5.48 of the Texas Alcoholic Beverage Code. Section 5.48(b) of the Alcoholic Beverage Code provides:

> (b) The private records of a permittee, licensee, or other person that are required or obtained by the commission or its agents, in connection with an investigation or otherwise, are privileged unless introduced in evidence in a hearing before the commission or before a court in this state or the United States.

Private records are defined as "all records of a permittee, licensee, or other person other than the name, proposed location, and type of permit or license sought in an application for an original or renewal permit or license, or in a periodic report relating to the

6

importation, distribution, or sale of alcoholic beverages required by the commission to be regularly filed by a permittee or licensee." *Id.* at § 5.48(a).

The plain language, context, and purpose of section 5.48 establish that private records are privileged unless TABC itself introduces them into evidence.[1] We begin "with the plain language of the statute read in context, not in isolation." *See Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021). The phrase "introduce into evidence" is a widely known phrase of art meaning "to have (a fact or object) admitted into the trial record, allowing it to be considered in the jury's or court's decision." *See* Black's Law Dictionary 828 (7th ed. 1999); Tex. Gov't Code § 311.011(b) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.") And section 5.48(b) uses the term "introduced," the past tense of "introduce," meaning that under the statute, the private records must actually have been introduced into the evidentiary record for the privilege to have been waived.[2] The private records at issue in this case have not been introduced

---

[1] When construing a statute, courts should "look to and rely on the plain meaning of a statute's words…unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Commission*, 518 S.W.3d 318, 325 (Tex. 2017) (citing *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014)). Absent a specific statutory definition, terms are construed according "to their plain and ordinary meaning." *Id.* at 326 (citing *In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014)). Additionally, statutory "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code § 311.011(a).

[2] Records do not become part of the evidentiary record simply because a party seeks or obtains those records via subpoena. A judge or magistrate must rule on the admission of evidence before it can be considered "introduced into evidence." *See* Tex. R. Evid. 103.

by TABC into any evidentiary record before the Commission or a court. Thus, the privilege remains in place.

A party must have or gain possession or control over records in order to introduce them into evidence. And records subject to section 5.48 are in the possession of TABC.[3] Section 5.48 requires that those records be introduced into evidence if the privilege is to be waived. Accordingly, TABC must first introduce the records into evidence if the privilege is to be deemed waived because TABC is the entity that possesses the records. That is what the legislature intended because that is what the language of the statute requires.[4] To allow for an exception to the privilege when any party attempts to gather private records that *could be* introduced into evidence in the future would be tantamount to the Court rewriting the statute. This would be improper for the Court to do,[5] and the plain statutory language does not support such a reading.

The plain text of section 5.48 also says that the private records are "privileged."[6] Under its ordinary meaning, a privilege is "[a]n evidentiary rule that gives a witness the option to not disclose the fact asked for, even though it might be relevant; the right to prevent disclosure of certain information in court, esp. when the information was

---

[3] Tex. Alco. Bev. Code § 5.48(b) (the privilege applies to private records "required or obtained by the commission . . . in connection with an investigation or otherwise[.]").

[4] *Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 734 (Tex. 2024) ("[W]e look to the plain meaning of the statutory terms, informed by context, as the most reliable guide to the Legislature's intent.").

[5] *See, e.g., Miles v. Tex. Cent. R.R. & Infrastructure, Inc.*, 647 S.W.3d 613, 624 (Tex. 2022) ("[Courts] may not rewrite statutes to broaden their applicability beyond what the plain language encompasses.").

[6] Tex. Alco. Bev. Code § 5.48. The Office of the Attorney General has construed the term "privileged" in this statute to mean "confidential" for purposes of the Public Information Act. *See* Tex. Att'y Gen. OR2023-37794 (citing Tex. Att'y Gen. Op. Nos. JM-1235 (1990), ORD-186 (1978), and ORD-62 (1974)).

originally communicated in a professional or confidential relationship."[7] If the phrase "or before a court" in section 5.48(b) meant that private records are only privileged until any party demands the records in a court proceeding, then TABC would have to disclose private records in response to every subpoena. Such a construction would deplete the term "privilege" of its meaning and frustrate the purpose of the statute. It makes no sense for the Legislature to draft a statute that effectively says: TABC has a privilege not to disclose these private records in a court proceeding, except there is no privilege when any party demands disclosure in a court proceeding.[8] That negates the purpose of a privilege, contradicts the plain text, and makes the privilege meaningless; therefore TABC's construction of the statute is correct.

The purpose behind the privilege in section 5.48 also supports TABC's construction. The privilege dates back to 1937 and the Liquor Control Act. The predecessor to section 5.48, former article 666-12a(5) of the Penal Code, provided that "records … authorized or required by the terms of [the Liquor Control] Act shall be privileged."[9] In 1968, the Attorney General was called upon to analyze that statute. The Attorney General recognized that the Commission's collection of records under article 666-12a(5) was for "the sole purpose of allowing the intelligent regulation of the liquor

---

[7] Privilege, Black's Law Dictionary (11th ed. 2019).

[8] We must avoid interpretations that lead to nonsensical results that the legislature could not have intended. *See, e.g., Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018).

[9] Acts 1937, 45th Leg., p. 1053, ch. 448, § 13.

industry."[10] The legislature recognized that such records could be sensitive, so it included a privilege to protect the relevant permittees or licensees and encourage them to provide sensitive information to the Commission.[11] The Attorney General recognized that this privilege was not intended to shield such records from use by the state and TABC in serving the law's "intended regulatory purposes."[12] And, consistent with TABC's current construction of section 5.48, the Attorney General recognized that the privilege was waived when the records were used "in suits to which the State or [Commission] is a party."[13] But it would defeat the historical purpose of the privilege if any party in private civil litigation could gain access to the records simply by subpoenaing them – that would not serve the law's intended regulatory purposes.

Given that the records remain privileged unless and until TABC introduces them into evidence in a hearing before the Commission or before a court in this state or the United States – which has not occurred – TABC should not be ordered to produce the private records contained within TABC's investigative records or within other records requested by Plaintiffs in discovery.

The Court should issue the requested stay.

---

[10] Tex. Att'y Gen. Op. No. CM-213 at 3 (1968).
[11] *Id*. at 4.
[12] *Id*.
[13] *Id*. at 3.

## II. TABC will be prejudiced absent a stay.

Absent the requested stay, there is nothing preventing TABC from being required to produce statutorily privileged private records contained in the TRACE investigations and records of licensees Sandbaggers Pub and Molly's Pub while the Court considers TABC's petition for mandamus. *Supra* Section I; *see* TABC Pet. for Mandamus. The Court should preserve the status quo and allow itself a "meaningful opportunity to consider" the issues contained in TABC's petition "upon less hurried deliberation" by granting the stay. *Del Valle ISD*, 830 S.W.2d at 87-88 (Cornyn, J., joined by Hecht, J., dissenting).

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Patrick Todd*
PATRICK TODD
Assistant Attorney General
State Bar No. 24106513
Office of the Attorney General
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 936-1660
Fax: (512) 320-0167
patrick.todd@oag.texas.gov

*Counsel for Relator, Texas Alcoholic Beverage Commission*

12

## RULE 52.10(a) CERTIFICATION

In compliance with Rule 52.10(a) of the Texas Rules of Appellate Procedure, I certify that I have notified all parties to the underlying proceeding of the filing of this motion for temporary relief by email and by telephone call.

/s/ Patrick Todd
PATRICK TODD
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Temporary Relief in Connection with the Previously Filed Petition for Writ of Mandamus has been served on October 7, 2025, on the following counsel of record and on Respondent via electronic service.

Christine Weems
Judge of the 281st Civil District Court
Raven Hubbard
Court Coordinator
Harris County Civil Courthouse
201 Caroline, 14th Floor
Houston Texas 77002
Raven_Hubbard@justex.net
*Respondent*

Daragh Cartner
State Bar No. 24050387
dcarter@smithandhassler.com
SMITH & HASSLER
1225 North Loop West, Suite 525
Houston, Texas 77008
Tel: (713) 739-1250
*Counsel for Real Party in Interest Plaintiff Ashlie Dominquez*

Muhammad S. Aziz
State Bar No. 24043538
maziz@awtxlaw.com
Jessica L. Dean
State Bar No. 24043538
jdean@awtxlaw.com
Kim Spurlock
State Bar No. 24032582
kspurlock@awtxlaw.com
Hailey Hutson
State Bar No. 24143669
hhutson@awtxlaw.com
ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER
800 Commerce Street
Houston, Texas 77002
Tel: (713) 222-7211
Fax: (713) 225-0827
*Counsel for Real Party in Interest Plaintiffs Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased*

*/s/ Patrick Todd*
PATRICK TODD
Assistant Attorney General

14

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mayra Contreras on behalf of Patrick Todd
Bar No. 24106513
mayra.contreras@oag.texas.gov
Envelope ID: 106527651
Filing Code Description: Motion
Filing Description: 2025 1007 TABC Motion for Temporary Relief
Status as of 10/7/2025 9:44 AM CST

Associated Case Party: Liffey Inc., D/B/A Molly's Pub

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Danielle Hollis | 24085380 | danielle.hollis@wilsonelser.com | 10/7/2025 9:42:05 AM | SENT |
| Cameron Keener | 24107827 | cameron.keener@wilsonelser.com | 10/7/2025 9:42:05 AM | SENT |
| Kent Adams | 869200 | kent.adams@wilsonelser.com | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Eduardo  Moreno

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Laura Wright | 24098636 | WrightEDocsNotifications@wbclawfirm.com | 10/7/2025 9:42:05 AM | SENT |
| Carlos Balido | 1631230 | balidoedocsnotifications@wbclawfirm.com | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Orlando Hayward, Indiv and as Rep of  the Estate of Niguel Hayward, Deceased

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Muhammad Aziz | 24043538 | maziz@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |
| Hailey Hutson | 24143669 | Hhutson@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |
| Jessica LDen | | jdean@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Reyna Hayward, Indiv and as Rep of the Estate of Niguel Hayward, Deceased

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Muhammad Aziz | 24043538 | maziz@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mayra Contreras on behalf of Patrick Todd
Bar No. 24106513
mayra.contreras@oag.texas.gov
Envelope ID: 106527651
Filing Code Description: Motion
Filing Description: 2025 1007 TABC Motion for Temporary Relief
Status as of 10/7/2025 9:44 AM CST

Associated Case Party: Reyna Hayward, Indiv and as Rep of the Estate of Niguel Hayward, Deceased

| Muhammad Aziz | 24043538 | maziz@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |
|---|---|---|---|---|
| Kim Spurlock | | kspurlock@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |
| Jessica LDen | | jdean@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |
| Hailey Hutson | 24143669 | Hhutson@awtxlaw.com | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Sandbaggers Pub, NP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Logan | 12497500 | Mlogan@krcl.com | 10/7/2025 9:42:05 AM | SENT |
| Kayla Bright | 24138092 | kbright@krcl.com | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Time to Spare LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Logan | 12497500 | Mlogan@krcl.com | 10/7/2025 9:42:05 AM | SENT |
| Kayla Bright | 24138092 | kbright@krcl.com | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: KellyRay Wren

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Mengis | 24094842 | smengis@feesmith.com | 10/7/2025 9:42:05 AM | SENT |
| Brian Cano | 24045613 | bcano@feesmith.com | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Draggin Tools Trucking, LLC

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mayra Contreras on behalf of Patrick Todd
Bar No. 24106513
mayra.contreras@oag.texas.gov
Envelope ID: 106527651
Filing Code Description: Motion
Filing Description: 2025 1007 TABC Motion for Temporary Relief
Status as of 10/7/2025 9:44 AM CST

Associated Case Party: Draggin Tools Trucking, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Mengis | 24094842 | smengis@feesmith.com | 10/7/2025 9:42:05 AM | SENT |
| Brian Cano | 24045613 | bcano@feesmith.com | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Texas Alcoholic Beverage Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Todd | | patrick.todd@oag.texas.gov | 10/7/2025 9:42:05 AM | SENT |
| Mayra Contreras | | mayra.contreras@oag.texas.gov | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Christine Weems

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christine Weems | | Raven_Hubbard@justex.net | 10/7/2025 9:42:05 AM | SENT |

Associated Case Party: Ashlie Dominguez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daragh Carter | 24050387 | dcarter@smithandhassler.com | 10/7/2025 9:42:05 AM | SENT |